ERASTUS M. HUNT *vs.* WALTER JONES.

H. sold to J. certain goods. The sale took place in Rhode Island, and the contract was valid there. The delivery was to take place in New York, and the contract was invalid by the statute of frauds of that State.

In *assumpsit* brought by H. against J. for breach of this contract:
*Held,* that H. was entitled to recover.

DEFENDANT'S petition for a new trial.

*February* 22, 1879. DURFEE, C. J. This is *assumpsit* for damages for breach of contract. On trial to the jury the plaintiff submitted testimony to show that on 20th of July, 1876, at Providence, in Rhode Island, he sold to the defendant, or entered into an oral agreement with the defendant to sell him, two hundred barrels of Canaan lime at $1.60 per barrel, to be delivered at the foot of Spring Street in the city of New York, the lime then being in process of manufacture in Canaan, Conn., and that subsequently, in pursuance of the contract, the lime was shipped to and delivered at the foot of Spring Street in New York city, and notice given of its delivery to the defendant, but that the defendant refused to accept it. The lime was afterwards sold at a loss and this action brought to recover damages.

The defendant submitted in evidence a statute of the State of New York, which provides that " every contract for the sale of any goods, chattels, or thing in action, for the price of fifty dollars or more, shall be void, unless a note or memorandum of such contract be in writing and be subscribed by the parties to be charged thereby, or unless the buyer shall accept and receive part of such goods or the evidences, or some of them, of such things in action, or unless the buyer shall at the time pay some part of the purchase-money."

The defendant thereupon requested the court to charge the jury, that as the contract was to be performed in the State of New York, its validity and construction were to be judged by the law of the place of performance, to wit, New York, and that therefore, the contract being void in New York, the plaintiff could not recover. The court refused to charge as requested, but did charge that the plaintiff could recover upon the contract, if otherwise entitled, notwithstanding the contract was not in writing, the contract being valid in Rhode Island, the place where it

was made. To this charge the defendant excepted, and now petitions for a new trial, the jury having returned a verdict against him.

The case presents the question whether the validity of a contract, in respect of the form or mode of contracting, depends on the law of the place where it is made or on the law of the place where it is to be performed; or, indeed, whether the contract, if it conforms to either law, may not be enforced. No question is made but that the contract in suit is valid in Rhode Island, if resort may be had to the law of Rhode Island to determine its validity.

There is some conflict and confusion of authority on the question, but in the recent decision of *Scudder* v. *Union National Bank*, 1 Otto, 406, Mr. Justice Hunt, in delivering the unanimous judgment of the Supreme Court of the United States, holds the following language, to wit: " Matters bearing upon the execution, the interpretation, and the *validity* of a contract, are determined by the law of the place where the contract is made. Matters connected with its performance are regulated by the law prevailing at the place of performance. Matters respecting the remedy, such as the bringing of suits, admissibility of evidence, statutes of limitation, depend upon the law of the place where the suit is brought." Accordingly, in *Scudder* v. *Union National Bank* the court held that a bill of exchange drawn in Illinois upon a firm in Missouri, and orally accepted in Illinois, where such an acceptance is valid, was binding upon the drawees, though an acceptance in Missouri would not have been binding unless made in writing.

Where a contract is entered into in one State to be performed in another, there are, it has been said, two *loci contractus*, the *locus celebrati contractus* and the *locus solutionis*; and the law of the former governs the interpretation, nature, and validity of the contract, that of the latter its performance. A contract, however, may be valid by the law of both places, and yet fail practically, if the *lex fori* does not permit its enforcement. *Leroux* v. *Brown*, 12 C. B. 801.

The rule thus laid down, considered as a rule for personal contracts, though it is at variance with many *dicta* and decisions, is well supported on authority. *Dacosta* v. *Davis*, 24 N. J. Law,

319; *Cooper* v. *Waldegrave*, 2 Beav. 282; *Vidal* v. *Thompson*, 11 Mart. La. 23; *Aymar* v. *Sheldon*, 12 Wend. 439; *Chapman* v. *Robertson*, 6 Paige, 627, 634; *Bain* v. *Whitehaven, &c. Railway Co.* 3 H. L. 1; *Van Reimsdyk* v. *Kane*, 1 Gall. 371; Wharton Conflict of Laws, § 401, p. 676; Story Conflict of Laws, § 234, *sq.*

There are cases which go farther and hold that a contract made in good faith in one State to be performed in another, will be upheld if it conforms to the law of either State. In making such contracts, it is argued, the parties may have in view either the law of the State where the contract is made or the law of the State where it is to be performed; and therefore the contract, if made in good faith without any design to evade the law, ought to be allowed and enforced according to its presumable intent, *ut res magis valeat quam pereat.* This rule has been applied especially to stipulations for interest on contracts for the payment of money, and is commended by Professor Parsons as reasonable and just. *Fisher* v. *Otis*, 3 Chand. 83; *Depau* v. *Humphreys*, 8 Mart. N. S. La. 1; *Cromwell* v. *County of Sac*, 6 Otto, 51; *Bolton* v. *Street*, 3 Cold. 31; 2 Parsons Contracts, 583; Wharton Conflict of Laws, § 507.

The case at bar, however, involves the validity of the contract in matter of form rather than of substance, and seems to fall more appropriately under the former rule than the latter; but it is immaterial whether the former or the latter is applied, for the contract in suit is valid under either of them.

We think the charge of the court should be sustained and a new trial denied. *Petition dismissed.*